IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JOHN DOE and JANE DOE, parents and next friends of their Minor Child JAMES DOE,<br><br>PLAINTIFFS,<br><br>vs.<br><br>BOULDER VALLEY SCHOOL DISTRICT, WHITTIER INTERNATIONAL ELEMENTARY SCHOOL, and ROB ANDERSON, KATHY GEBHARDT, LISA SWEENEY-MIRAN, NICOLE RAJPAL, STACEY ZIS, BETH NIZNIK, KITTY SARGENT, RICHARD GARCIA, AND SARAH OSWICK, in their official capacity as state actors for the State of Colorado,<br><br>DEFENDANTS. | Civil Case No.   1:23-cv-00580<br><br>DATE: March 3, 2023 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO RESTRICT AND PROCEED PSEUDONYMOUSLY**

Plaintiffs respectfully submit this Memorandum in Support of their Motion to Restrict and Proceed Pseudonymously. This case is advanced on behalf of Plaintiffs' minor child, James Doe. Until recently, James was a fourth grader at Defendant Boulder Valley School District ("District" or "BVSD"). BVSD employees targeted James Roe with false, malicious allegations that he engaged in "racist" attacks against a fellow fourth grade student, "Sally Roe," without substantial evidence and contrary to the District's own express findings of fact in a botched investigative report.

Sally Roe's mother, District employee Jamillah Richmond, who is Black, identifies herself as a "social justice" activist. She has been a vocal critic of District disciplinary policies

1

and proclaimed, "everything ... is a byproduct of racism."[1] In this crusade, she has excused the violent behavior of her minor child against fellow students and even egged her on, allowing Sally Roe to establish a pattern of attacking students with impunity. James Doe was hardly the first. Cmplt. ¶ 60. Sally Roe kicks, punches, and chokes students. *Id.* She then reports the victims to her school, Whittier International Elementary School ("Whittier"), as "racists" to evade consequences. Cmplt. ¶ 74. The school and the District recently announced that "white members of our community cannot fully fathom the privilege that we have,"[2] and to appease Ms. Richmond, Defendants swing into action and punish the victims on the basis of race. In James Roe's case, who is white, this meant removing banishing him from class and turning him into a pariah.

Jamillah Richmond, who has remained a Whittier employee, also took to social media to denounce James, Jane, and John Doe as "racist" "white liberals." This, in turn, elicited threats of physical violence from the community against them. In the process, Ms. Richmond partially disclosed confidential information protected by the Family Educational Rights and Privacy Act.

Because of the incendiary accusations of "racism"; because of the young age of the children involved (both James Doe and Sally Roe); and because much relevant evidence implicates confidential educational records protected by FERPA, Plaintiff moves that minor children should be referred to pseudonymously, and that documents and proceedings containing

---

[1] *New data suggests Boulder high has BVSD's largest suspension disparity for Latino students* (Sept, 19, 2022), https://boulderreportinglab.org/2022/09/19/new-data-suggests-boulder-high-has-bvsds-largest-suspension-disparity-for-latino-students/

[2] Standing together against racism and injustice, Boulder Valley School District (June 3, 2020), https://www.bvsd.org/about/news/news-article/~board/district-news/post/standing-together-against-racism-and-injustice.

2

their true names, or constituting confidential student records, be placed at restriction Level 1, so that only the Court and Parties may have access to this information.

I. ARGUMENT

A. Legal Standards and Court Rules

District of Colorado Local Civil Rule 7.2(c) governs motions to restrict. In relevant part, L.R. 7.2(c) requires that parties requesting restriction "address the interest to be protected and why such interest outweighs the presumption of public access," "identify a clearly defined and serious injury that would result if access is not restricted," and "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question."

Although the default assumption of federal courts is that court proceedings should be open, courts permit parties and witnesses to be referred to pseudonymously. "Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000), *quoting MM. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998). Yet in cases like the present matter before this Court, which involves both a nine-year-old minor child and a public school employee's damaging online allegations of racist behavior by that child, both the Tenth Circuit and the Federal Rules of Civil Procedure recognize that when a court "weigh[s] the public interest in determining whether some form of anonymity is warranted," *Femedeer*, at 1246, there are strong reasons to favor proceeding in a way that protects the identity of that minor child from being widely disseminated, as this court has done before. *See, e.g., Am. Humanist Ass'n v. Douglas Cty. Sch. Dist. RE-1*, 158 F. Supp. 3d 1123 (D. Colo. 2016) (minor children and their parents allowed to being suit as pseudonymous plaintiffs against a public school district).

"Federal Rule of Civil Procedure 5.2(a)(3) presumptively requires pseudonymizing minors as to all matters, whether or not such matters would be seen as private as to adults." Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353, 1400 (2022). Indeed, FRCP 5.2(a)(3) states that "Unless the court orders otherwise, in an electronic or paper filing with the court that contains…the name of an individual known to be a minor…a party or nonparty making the filing may include only…the minor's initials."

However, the protection of a minor's name is not the only protection this Court should afford, especially where the identity of the minor children can immediately and easily be determined either by the identity of his parents, and correspondingly blasted all over the Internet by self-appointed commentators who have already urged that this nine-year-old should be slapped, hit, or otherwise physically assaulted. Cmplt. ¶ 137.

In such cases, the Tenth Circuit recognizes a greater degree of protection should be granted, where there are "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, at 1246, *quoting Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

**B. Compelling Reasons for Granting Pseudonymity and Restriction**

Minor child plaintiff James Doe is a nine-year-old boy who attended Whittier International Elementary School. CITE. His parents and next friends, John and Jane Doe, are his representatives in this lawsuit, and share his last name. The Does have sought to avoid public notoriety so that their child might get his education with as little disturbance as possible. In contrast, Sally Roe's mother, a District employee, has sought out online attention and spread false and damaging allegations of James' racism through multiple social media posts.

The District's refusal to take needed measures to stop Roe's mother from creating a racially based hostile environment for James through such tactics lies at the heart of this discrimination case. While Roe's mother has gone to considerable effort to identifiably malign James within the Whitter community—parents even began calling the school counselor to express concerns about James Doe, A. Grandits Aff., ¶¶ 30-31—she has not yet, to Plaintiffs' knowledge, used his actual name online.

Whittier is a neighborhood, K-5 elementary school "situated in the heart of the city."[3] Were his real initials, or the names of his parents, to be revealed publicly in filings or proceedings before this Court, it would be the functional equivalent of identifying James Doe, given the information already public and the small number of candidates to be identified. If this Court were to require the use of his true initials, and certainly of his parents' true names, he could quickly be identified by third parties.

Because the nature of the hostile environment being created by BVSD and its employee prominently includes this online attack by an "activist" adult on a nine-year-old student, for this Court to require the Does to litigate under their real names or easily identifiable initials would mean precisely that "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Femedeer*, at 1246. Weighed against the near-certainty of this injury, Plaintiffs' request for pseudonymity and Level 1 restriction—this Court's lowest level—is reasonable and is the least restrictive means to protect the interests of all parties, as well as the public, as discussed below.

---

[3] Whittier International Elementary School, https://whe.bvsd.org (last visited Mar. 3, 2023).

### C. The Public Has a Weak Interest, if Any, in Plaintiffs' Identity

Considering the legal nature of the claims presented (*i.e.*, Defendants violated Plaintiff's rights under Title VI, 42 USC Sec. 1981, the Equal Protection clause as applied to the states under 42 USC Sec. 1983, there is a weak public interest in learning Plaintiff's identity as an individual.

Maintaining Plaintiff's confidentiality is also consistent with federal policy. This is most apparent in Federal Rule of Civil Procedure 5.2(a)(3)'s blanket requirement that all names of minor children be given at least the level of pseudonymity provided by the use of initials, unless otherwise ordered by the Court, which strongly suggests that the public interest in knowing the actual names of minor children will only very rarely be outweighed by the public's right to know it. In this matter, policy considerations in setting this balance are even more strongly expressed by the Family Educational Rights and Privacy Act (FERPA), 20 USC § 1232g. James Doe's case primarily involves school disciplinary records, the protected confidentiality of which is well established. *See e.g.*, *United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

Not only would disclosure contravene the policy embodied in FERPA, it would not advance any public interest in this matter. BVSD is a public school district that receives federal funding and a place of public accommodation, whose actions affect the student population at BVSD as a whole. The public interest lies in the enforcement of existing laws against BVSD, which Plaintiff's lawsuit advances by exposing racial discrimination, constitutional violations, and unfair investigatory process. See e.g. *Kincaid v. Unified Sch. Dist. No*. 500, No. 21-2059-DDC-TJJ, 2022 U.S. Dist. LEXIS 101794, at *5 (D. Kan. June 7, 2022) (granting leave to file

under seal student records); *Gelfand v. Cherry Creek Sch. Dist.*, Civil Action No. 07-cv-01923-CMA-CBS, 2009 U.S. Dist. LEXIS 48931, at *30 (D. Colo. June 10, 2009) (holding, "Protecting Student's confidentiality was part of Plaintiff [paraprofessional educator]'s job [at public school] and Plaintiff was subject to his employer's authority to restrict speech related to confidential student information" and "maintain[ing] the anonymity of the student whose story [wa]s at the heart of this case").

In this regard, the public's knowledge will be only minimally restricted. While it is important that the public know that nine-year-olds are not being wantonly subjected to a racially hostile environment in public schools, it is far less important that they know the name of the specific nine-year-old boy who is suffering through it. BVSD's wrongful discipline of James Doe violated his civil and constitutional rights, and will still be exposed to public scrutiny if the Court allows John, Jane, and James Doe to proceed pseudonymously and under Level 1 restriction.

Dated: March 3, 2023

Respectfully submitted,

_____
Michael Thad Allen
Samantha K. Harris
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
TEL: (610) 634-8258
mallen@allenharrislaw.com
sharris@allenharrislaw.com

*for* PLAINTIFFS

7

### D.C. COLO. L.CIV.R 7.1 CERTIFICATION

Plaintiffs hereby certify that they have conferred with Defendant Boulder Valley School District's counsel of record, in accordance with D.C. COLO. L.Civ.R 7.1, as follows with regard to moving forward under a pseudonym. On March 3, 2023 at 3:46 PM Central Time, I sent an email requesting consent to the forgoing motion that certain minor children and parents be allowed to proceed anonymously. I received no response to this email.

*/s/Michael Thad Allen*
Michael Thad Allen, Esq.

### CERTIFICATE OF SERVICE

At the time of filing of this motion, I certify that copies of all pleadings, documents, and exhibits filed in this action to date or to be presented to the Court at the hearing have been provided to opposing counsel and any unrepresented adverse party. At the time of filing, I emailed a copy of all the above-mentioned papers to

Kathleen Sullivan kathleen.sullivan@bvsd.org and
Kara Phillips kara.phillips@bvsd.org,

who have corresponded with attorneys of Allen Harris PLLC as counsel to Defendants. The documents provided included:
1) The Complaint
2) Summons
3) Waiver of Service Forms for All Defendants
4) Affidavit of Attorney Kellie Miller with Exhibits A-L
5) Affidavit of Jane Doe with Exhibits N- T
6) Affidavit of Anne Grandit
7) Motion for Temporary Restraining Order and Preliminary Injunction
8) Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction
9) Motion for Restriction
10) Memorandum of Law in Support of Motion for Restriction

Michael Thad Allen, Esq.
