## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-00580

JOHN DOE and JANE DOE, parents and next friends
of their Minor Child JAMES DOE

Plaintiffs,

v.

BOULDER VALLEY SCHOOL DISTRICT,
WHITTIER INTERNATIONAL ELEMENTARY SCHOOL,
ROB ANDERSON,
KATHY GEBHARDT,
LISA SWEENEY-MIRAN,
NICOLE RAJPAL,
STACEY ZIS,
BETH NIZNIK,
KITTY SARGENT,
RICHARD GARCIA,
SARAH OSWICK, in their official capacity as state actors for the State of Colorado,

Defendants.

---

## DEFENDANT BOULDER VALLEY SCHOOL DISTRICT'S RESPONSE TO PLAINTIFFS' MOTION TO RESTRICT AND PROCEED PSEUDONYMOUSLY AND EMERGENCY MOTION FOR PROTECTION OF MINOR'S IDENTITY

---

Boulder Valley School District, a named Defendant in this action, requests that the Court order that all minor students referenced in this case have their identities protected by authorizing them and their next friends, *i.e.*, their parents and legal guardians, to proceed in this action under pseudonyms in order to protect their identities from public disclosure. Plaintiffs have moved for confidentiality protections for their minor client and his parents, and the School District readily

agreed. Plaintiffs' argument that public disclosure of a parent's identity makes the minor's identity *"immediately identifiable"* applies equally to the other student referenced in Plaintiffs' Complaint, Sally Roe. This makes it all the more disappointing that Plaintiffs filed their pleadings replete with references publicly identifying the minor child through their parent, on a Friday night when this Court's intervention was unavailable. Despite repeated requests, Plaintiffs have failed to take appropriate action to protect the minor's interest. Accordingly, the School District requests that the Court order the protection of the minor child, Sally Roe, and her Parent's identities and direct the immediate removal of Plaintiffs' filings from public access and substitution of filings with appropriate pseudonyms.

## FACTUAL AND PROCEDURAL BACKGROUND

This case centers on conduct between two elementary school students and the School District's response to such conduct. James Doe and Sally Roe are fourth grade students. The Complaint alleges acts of misconduct by both students and questions the adequacy of the School District's response. Responding to these allegations will necessarily include disclosure and discussion of the students' conduct, age, educational characteristics, and educational programming. Sally Roe's parent also works in the School District. Disclosure of the employee's name and relationship to Sally Roe in the Complaint clearly reveals the minor's identity.

Plaintiffs' counsel sent an email requesting consent to a motion to permit their minor children and parents to proceed anonymously on Friday, March 3, 2023 at 3:46 p.m. that included no attachments and read in its entirety:

> We intend to file for a Temporary Restraining Order under a Complaint against your client and various administrators in their official capacity in the District Court for the District Colorado. In compliance with the Court's rules on filing under pseudonyms and the protection of the names of minor children, we intend to move to protect both the name of the plaintiff and his parents as well as other children in the school.  This is covered by LR 7.2.  We are asking for level 1 restriction.  Will you oppose this?

I will be forwarding you all necessary papers for service, including the complaint and all motion papers.

At 5:30 p.m., Plaintiffs' counsel provided copies of the court documents, with some files marked "draft." At 8:39 p.m., Plaintiffs' counsel filed several pleadings in this action publicly naming the minor's parent, including the Complaint that repeats the Parent's name 32 times.

Within hours, the School District's counsel replied, agreeing to Plaintiffs' Motion and requesting the same confidentiality standard be applied to the other minor student, Sally Roe, and her parent. Plaintiffs' counsel directly refused this first request and failed to respond to a subsequent request.

## LEGAL STANDARDS

"Proceeding by pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (*citing Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) *and M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Three contexts in which courts have found a pseudonym is appropriate: (1) "matters of a highly sensitive and personal nature"; (2) cases involving a "real danger of physical harm"; and (3) instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* Courts also must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246.

In *Femedeer*, the Tenth Circuit denied a plaintiff's request to proceed anonymously. 227 F.3d at 1246–47. Because the plaintiff in *Femedeer* was a convicted sex offender, the court determined that the public's interest in access to legal proceedings that attack "the constitutionality of popularly enacted legislation" outweighed the plaintiff's privacy concerns. *Id.* Notably, the court believed that the disclosure of the plaintiff's status as a sex offender had "presumably already

3

occurred in the underlying conviction" and, therefore, he failed to "establish real, imminent personal danger." *Id.*

Since *Femedeer*, two judges in the District of Colorado have applied the *Femedeer* analysis to protect confidentiality. *Roe v. Cath. Health Initiatives Colorado* No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012); *Does I–V. Rodriguez*, Nos. 06–cv–00805–LTB & 06–mc–0017–LTB, 2007 WL 684114, at * 1 (D. Colo. Mar. 2, 2007). In *Does I-V v. Rodriquez*, Judge Babcock granted a motion to proceed anonymously submitted by five plaintiffs, who at the time were Mexican nationals who had been "virtually imprisoned" by the defendants at a farm labor compound in Colorado. *Id.* Although the defendants had been deported to Mexico some months prior, the defendants' son remained in Colorado, and counsel for the plaintiffs had heard defendants' family members making "threatening comments" related to the plaintiffs. *Id.* at *2. Cumulatively, the Court held the investigation, presence of the son, overheard threats, and civil allegations of coercion and violence "raise[d] a serious concern that the plaintiffs ... [were] at significant risk of retaliation," and granted the request to proceed anonymously. *Id.*

In *Roe v. Cath. Health Initiatives Colorado*, the plaintiff brought a discrimination claim pursuant to the ADA, alleging that the defendant unlawfully required her to undergo medical examinations and medical inquiries that forced Plaintiff to disclose confidential medical information that the defendant would not have otherwise known. 2012 WL 128420, at *4. Judge Tafoya ultimately granted the request, stating that "the court primarily is concerned with Plaintiff's argument that, if she is forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential medical information allegedly unlawfully gathered by the defendant." *Id.* at *5. Rather, "'[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the

4

'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Heil*, No. 08–cv–02342–WYD–CBS, 2008 WL 4889550, at *2 (D. Colo. Nov. 13, 2008) (*quoting Frank*, 951 F.2d at 323)).

## ARGUMENT

Here, the Parties agree in principle that the minor children named in this case are entitled to confidentiality, including through the protection of their parents' identities. The School District agreed to Plaintiffs' request within hours. Plaintiffs' counsel was careful to afford their clients confidentiality in public filings, but specifically declined to afford the minor child, Sally Roe, the same consideration.

As a non-party, Sally Roe and her parent are entitled to at least the same protections requested by Plaintiffs. Courts recognize that plaintiffs may proceed anonymously when the case involves "matters of a highly sensitive and personal nature." *See M.M.,* 139 F.3d at 802-03. Here, a non-party minor child, Sally Roe, has been made the subject of Plaintiffs' federal lawsuit. Plaintiffs are soliciting testimony through an affidavit of Sally's current classroom teacher and making Sally's behavior and any resulting discipline a focus of their case. Like Plaintiffs argue for James Doe, Sally Roe and her educational information, specifically including disciplinary information, is made confidential by the Family Education Rights Privacy Act, 34 C.F.R. Part 300; *see also United States v. Miami Univ.,* 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records'" under FERPA). To the extent this matter proceeds, it is likely that additional confidential information including discipline, and potentially medical and disability-related information, will be revealed about this child in an action that she had no role in bringing and in which she has no voice.

A minor student and her conduct at school is readily distinguishable from *M.M.*, which

involved an incarcerated plaintiff who had no legitimate claim to privacy from her jailers (139 F.3d at 800), and *Femedeer*, which involved a convicted sex offender whose status had presumably already been disclosed in the underlying conviction (227 F.3d at 1246-47).

Rather, the facts of this case are more akin to *Roe v. Cath. Health Initiatives Colorado*, where the plaintiff's disability discrimination claim required disclosure of sensitive medical information. 2012 WL 12840, at * 4-5. Clearly if a party's identity is to be protected when litigating their own claim intersecting with disability, then a minor child should not be required to share their educational needs and disabilities with the world in a case to which they are not a party. As Plaintiffs' Complaint makes clear, their case centers on the conduct of minor children James Doe and Sally Roe. In discussing the students' conduct and the School District's responses to that conduct, it is certain that the children's educational history and status, including any special education or disability status, will be disclosed and referenced.

In addition to the risk that confidential educational and medical information will be disclosed, there is a very real risk that disclosing the minor child's identity through identification of her parent would result in the injury alleged in this case. *See Femedeer*, 227 F.3d at 1246. Plaintiffs allege that James Doe is suffering irreparable harm because he is being denied his right to a public education and continues to suffer emotional distress and damage to his education. (Complaint, p. 45, ¶ 307.) This litigation presents the likelihood that Sally Roe will suffer the same injuries Plaintiffs are litigating against, and the likelihood of irreparable harm increases exponentially if Plaintiffs' counsel is allowed to continue publicly identifying this little girl.

Finally, it makes no difference to the process and outcome of this case if Sally Roe is afforded the same protections as Plaintiffs. There is no reasonable question that this minor child has a "substantial privacy right which outweighs the 'customary and constitutionally-embedded

presumption of openness in judicial proceedings.'" *Roe v. Cath. Health Initiatives Colorado*, 2012 WL 128420, at *5.

For these reasons, the School District respectfully requests that the Court order the protection of the minor child Sally Roe and her parent's identities and direct the immediate removal of Plaintiffs' filings from public access and substitution of filings with appropriate pseudonyms.

Respectfully submitted this 6th day of March 2023.

*s/Elliott V. Hood*
Elliott V. Hood, Esq.
Caroline Gecker, Esq.
CAPLAN AND EARNEST LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
303-443-8010
ehood@celaw.com;
cgecker@celaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Thad Allen, Esq.
Samantha K. Harris, Esq.
mallen@allenharrislaw.com
sharris@allenharrislaw.com
Attorneys for Plaintiffs

*s/Shelley McKinstry*
Shelley McKinstry, Paralegal