UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| JOHN DOE and JANE DOE, PARENTS as next friends of their Minor Child JAMES DOE, | Civil Case No. 1:23-cv-00580-RMR |
| PLAINTIFF | |
| vs. | |
| BOULDER VALLEY SCHOOL DISTRICT, WHITTIER INTERNATIONAL ELEMENTARY SCHOOL, and ROB ANDERSON, KATHY GEBHARDT, LISA SWEENEY-MIRAN, NICOLE RAJPAL, STACEY ZIS, BETH NIZNIK, KITTY SARGENT, RICHARD GARCIA, and SARAH OSWICK, in their official capacity as state actors for the State of Colorado, | DATE: March 6, 2023 |
| DEFENDANTS. | |

**REPLY TO DEFENDANTS' RESPONSE TO MOTION TO RESTRICT AND PROCEED PSEUDONYMOUSLY AND EMERGENCY MOTION FOR PROTECTION OF MINOR'S IDENTITY**

Plaintiffs hereby respectfully reply to Defendants' Response to Motion to Restrict and Proceed Pseudonymously and Emergency Motion for Protection of Minor's Identity. ECF No. 10.

Plaintiffs have no objection, in principle, to restricting the name of the minor child referred to as Sally Roe or her mother. However, Sally Roe's mother, as demonstrated, without limitation, by the Affidavit of Kellie Miller, **Exhibit A**, **Exhibit B**, and **Exhibit C**, has repeatedly sought public attention through the media and through her own social media declaring her personal name in public in association with Defendants' illegal, discriminatory disciplinary action against James Doe. See ECF No. 5-2, **Exhibit A**, **Exhibit B**, and **Exhibit C.**

1

Where a party or witness seeks anonymity but voluntarily discloses their identity to the public in connection with a case, courts do not protect the individual party or witness with the shield of anonymity. Although this precise issue does not seem to have arisen in the District of Colorado, which is understandable considering the rarity of justifiable anonymity, "other courts have prohibited parties from proceeding anonymously when the movants seek to conceal publicly available information." *Doe v. Fullstack Acad., Inc*., No. 18-cv-08070, 2018 U.S. Dist. LEXIS 173050, at *2 n.1 (S.D.N.Y. Oct. 5, 2018) (collecting S.D.N.Y. cases); *see also Doe v. Fedcap Rehab. Servs*., No. 17-CV-8220 (JPO), 2018 U.S. Dist. LEXIS 71174, at *6-7 (S.D.N.Y. Apr. 27, 2018) (lifting order permitting party to proceed under pseudonym where "[p]laintiff has already voluntarily disclosed the sensitive issues they seek to keep secret in this case"); *Doe v. Nat'l Conference of Bar Exam'rs*, No. 1:16-CV-264 (PKC), 2017 U.S. Dist. LEXIS 2481, at *8 (E.D.N.Y. Jan. 6, 2017) ("argument that [Party] must maintain anonymity because Defendants could retaliate against her is belied by the fact that she has already publicly disclosed her identity during the course of this litigation. [F]iguratively speaking, the cat is already out of the bag" (internal quotations omitted)). This Court should take this into account when considering the extent to which this factor may "conform with the three contexts enumerated by the Tenth Circuit as appropriate for the use of pseudonyms." *Doe v. Wang*, No. 20-cv-02765-RMR-MEH, 2021 U.S. Dist. LEXIS 250086, at *7 n.2 (D. Colo. Nov. 8, 2021), *referring to Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

Distressingly, in her thirst for public attention as a social justice advocate, Sally Roe's mother has also failed to shield the name of her minor child. In a public Facebook post made under her own name, Sally's mother shared Sally's real name in an effort to draw attention to the incident. ECF No. 5-2, **Exhibit A**.  In a public Twitter post made under her own name, Sally's

mother used Sally's photograph in a post about why she is an activist for racial justice causes. ECF No. 5-2, **Exhibit E.**

It is Plaintiffs' position, as expressed in their Motion to Restrict, that Plaintiffs' names should be protected by pseudonyms to protect their identities (as well as that of Sally Roe), that all other minor children's names should be protected in public filings through the use of initials (though Plaintiffs have no objection to the use of Roe-style pseudonyms for all minor children, if the Court prefers), and that any filings with actual names of minors should be filed at Restriction Level 1.  ECF No. 3-4.

Plaintiff also respectfully asks the Court to consider, as an additional fact relevant to this motion, that after the filing of the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 1-3), Sally Roe's mother, who remains a BVSD employee in good standing, began emailing not only Defendants but also a key witness in this case to threaten action against the key witnesses in retaliation for Plaintiffs' complaint against BVSD.  *See* Affidavit of Attorney Michael Thad Allen, **Exhibit 1**.  Sally Roe's mother also appears to believe, erroneously, that she is a Defendant, and that Defendant Boulder Valley School District is somehow supporting the Plaintiffs in this litigation.  *Id.*  At any rate, any threat or actual retaliation against key witnesses would be illegal under (at the very least) Title VI and Title VII of the Civil Rights Act of 1964.  *See Bird v. Regents of N.M. State Univ.*, 619 F. App'x 733, 741-42 (10th Cir. 2015) (setting forth standard for retaliation claims under Title VI and Title VII and noting "courts often use the Title VII proof scheme for Title VI claims") (quoting *Bryant v. Indep. Sch. Dist. No. I-38*, 334 F.3d 928, 930 n.1 (10th Cir. 2003)).

## CONCLUSION

Based on the foregoing, the Court should order the names of all minor children in this case protected by pseudonyms or initials, as well as those of their parents, to the extent the parents' attention-seeking has not led to public, voluntary exposure of their identity in the public eye related to this case, thus waiving anonymity.

The Court should then determine whether Sally Roe's mother has disclosed her own identity, voluntarily, in connection with this case and so waived any protection of anonymity, including in efforts to retaliate against key witnesses in this case.

Respectfully submitted,

/s/Michael Thad Allen
Michael Thad Allen
Samantha K. Harris
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
TEL: (610) 634-8258
mallen@allenharrislaw.com
sharris@allenharrislaw.com

for PLAINTIFFS

CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Caroline Grace Gecker
Elliott Vallen Hood
Caplan and Earnest, LLC
3107 Iris Avenue
Suite 100
Boulder, CO 80301
303-443-8010
Email: cgecker@celaw.com
Email: Ehood@celaw.com

                                        */s/Michael Thad Allen*
                                        Michael Thad Allen, Esq.